UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ALVAREZ, | No. CV 12-7329-RGK(CW) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT |
| v. | WITH LEAVE TO AMEND |
| DONALD S. KENNEDY, et al., | |
| Defendants. | |

The pro se plaintiff is a prisoner in state custody, seeking to proceed on a civil rights complaint naming governmental defendants. His complaint was filed on August 27, 2012, with payment of the filing fee. [Docket no. 1.] For reasons stated below, the Complaint is dismissed with leave to amend.

**I.   STANDARD OF REVIEW**

Complaints such as Plaintiff's are subject to the court's sua sponte review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. § 1915A(a). The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2)

1

fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. See Lopez v. Smith, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc); 28 U.S.C. § 1915A(b)(prisoner complaints against government defendants).[1]

PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." Id. "A Rule 12(b)(6) dismissal may be based on either a

---

[1] Initial screening of complaints is covered by overlapping provisions of the PLRA. Lopez, 203 F.3d at 1126-27 and n.7. Screening of complaints by plaintiffs (prisoner or non-prisoner) who seek to proceed in forma pauperis is governed by 28 U.S.C. § 1915(e)(2). Lopez, id.; Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001)(per curiam)(§ 1915 applies to all applicants for in forma pauperis status, prisoner or non-prisoner). Under 28 U.S.C. § 1915A, courts are directed to review, as soon as practicable, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, § 1915A screening applies to prisoner complaints even if the filing fee has been paid in full. See, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)(§ 1915 governs proceedings in forma pauperis and § 1915A applies to civil complaints by prisoners against governmental defendants regardless of whether the prisoner has paid a filing fee); Muhammad v. Ortiz, No. F 04-5534-AWI-WMW-P, 2006 WL 845640 at *11 and n. 2 (E.D. Cal., Mar. 30, 2006)(§ 1915A screening applies even if prisoner plaintiff paid full filing fee); Hernandez v. Terhune, No. C 00-0848-WHA(PR), 2000 WL 1847645 at *1 (N.D. Cal., Dec. 12, 2000)(Second, Fifth, Sixth, Seventh, and Tenth Circuits have all found that § 1915A applied "even if the prisoner is not proceeding in forma pauperis"). A third provision governs screening of prisoner complaints about prison conditions not restricted to in forma pauperis actions. See 42 U.S.C. § 1997e(c); Lopez, 203 F.3d at 1126 n. 7.

1  'lack of a cognizable legal theory' or 'the absence of sufficient
2  facts alleged under a cognizable legal theory.'"  Johnson v. Riverside
3  Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1990)).  A complaint may also be dismissed for failure to state a
6  claim if it discloses a fact or defense that necessarily defeats the
7  claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)
8  (citing 2A Moore's Federal Practice ¶ 12.08).
9      Possible failure to state a claim is reviewed under the pleading
10 standard of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain
11 statement of the claim showing that the pleader is entitled to
12 relief."  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937,
13 173 L. Ed. 2d 868 (2009)("Iqbal").  The Rule 8 pleading standard "does
14 not require detailed factual allegations," but does require more than
15 merely "labels and conclusions or a formulaic recitation of the
16 elements of a cause of action."  Iqbal, 556 U.S. at 678 (citations and
17 internal quotation marks omitted).  Instead, "a complaint must contain
18 sufficient factual matter, accepted as true, to state a claim to
19 relief that is plausible on its face."  Id. (citations and internal
20 quotation marks omitted).  "A claim has facial plausibility when the
21 plaintiff pleads factual content that allows the court to draw the
22 reasonable inference that the defendant is liable for the misconduct
23 alleged."  Id.  This plausibility standard is not a probability
24 requirement, but does ask for more than mere possibility.  Id.
25     In Iqbal, the Supreme Court applied a two-pronged approach to
26 reviewing possible failure to state a claim.  Id. at 678-81.  First,
27 the reviewing court may identify statements in a complaint that are
28 actually conclusions, rather than factual allegations, and, as such,

1  are not entitled to a presumption of truth.  Id. at 678-79.  It is the
2  statements' conclusory nature, rather than any fanciful or nonsensical
3  nature, "that disentitles them to the presumption of truth."  Id. at
4  681.  Second, the court presumes the truth of any remaining "well-
5  pleaded factual allegations," and determines whether these allegations
6  and reasonable inferences from them plausibly support a claim for
7  relief.  Id. at 679-80; see also Starr v. Baca, 652 F.3d 1202 (9th
8  Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012); Hydrick v. Hunter,
9  669 F.3d 937, 940-41 (9th Cir. 2012)(discussing Iqbal and Starr).[2]

If the court finds that a complaint should be dismissed for failure to state a claim, the court may dismiss with or without leave to amend.  Lopez, 203 F.3d at 1126-30.  Leave to amend should be granted if it appears that defects can be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11.

---

[2]  In Starr, the Ninth Circuit found two common principles in Supreme Court law on the Rule 8 pleading standard:
> First, to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr, 652 F.3d at 1216.

**II. PLAINTIFF'S CLAIMS**

The Complaint names some eleven defendants, each in both official and individual capacities, and asserts fourteen claims under 42 U.S.C. § 1983 for violations of Plaintiff's federal constitutional rights. Under each claim Plaintiff asserts that various defendants violated certain of his rights by not accommodating his disabilities. As relief, Plaintiff seeks monetary damages, the reversal and expungement of the conviction and sentence on which he is now imprisoned, and release from custody.

**III. GROUNDS FOR DISMISSAL**

The complaint contains multiple defects, and is subject to dismissal on several grounds. First, Plaintiff's Complaint consists entirely of conclusory statements, without the support of any actual factual allegations. Thus, Plaintiff states, again and again, that one or more defendants violated one of Plaintiff's rights by not accommodating Plaintiff's disabilities, without ever alleging (1) what disabilities Plaintiff suffers from, (2) what a specific defendant did that failed to accommodate the disability, or (3) how this failure violated the right in question. Accordingly, the Complaint wholly fails to comply with the pleading requirements under Iqbal, 556 U.S. at 677-81, as discussed above. Plaintiff may be able to correct this defect on amendment with respect to some, but not all, defendants.

The Complaint suffers from other defects which do not appear to be correctable on amendment. First, Plaintiff seeks the reversal of his conviction and sentence and his release from custody. However, insofar as Plaintiff seeks release from custody, his civil rights action is barred under Preiser v. Rodriquez, 411 U.S. 475, 483-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)(person seeking release from

allegedly illegal custody must do so in federal court in habeas corpus action rather than civil rights action for injunctive relief). Second, insofar as Plaintiff is seeking damages based on claims which necessarily imply the invalidity of his outstanding conviction and sentence, he cannot bring a civil rights action unless and until he first invalidates the conviction on appeal, through a habeas action, or otherwise. See Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Third, state officers (such as state judges and prosecutors) named in an official capacity are immune, under state sovereign immunity and the Eleventh Amendment, from damages actions in federal court. See, e.g., Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).[3]  Fourth, Plaintiff has named a number of judges as individual capacity defendants.  Judges are absolutely immune from suit for acts performed in a judicial capacity.  See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc).  Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly,

---

[3] "Individual capacity" claims are claims based on what an individual defendant allegedly did or did not do, while "official capacity" claims are claims based on a defendant's official position, as in, for example, naming "the warden" as defendant, based on his or her official position as warden, and not on any alleged actions by a particular warden.

erroneously, or in excess of jurisdiction. <u>Mireles</u>, 502 U.S. at 11-13.  Fifth, Plaintiff has also named state court prosecutors as individual capacity defendants.  However, prosecutors are entitled to absolute immunity from civil rights suits for damages based on their activities as legal advocates on behalf of the State in criminal proceedings. <u>Van De Kamp v. Goldstein</u>, ___ U.S. ___, 129 S. Ct. 855, 861-62, 172 L. Ed. 2d 706 (2009)(supervising prosecutors have absolute immunity from § 1983 liability for supervision, for training, and for the management of information systems); <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272-73, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976).

Sixth, Plaintiff appears to have named other defendants based on their testimony in criminal proceedings against him.  However, witnesses in adversarial judicial proceedings are entitled to absolute immunity from § 1983 claims arising out of their testimony, even if they commit perjury. <u>Briscoe v. LaHue</u>, 460 U.S. 325, 345-46, 103 S. Ct. 1108, 1121, 75 L. Ed. 2d 96 (1983); <u>Franklin v. Terr</u>, 201 F.3d 1098, 1099 (9th Cir. 2000).  Seventh, Plaintiff appears to have named several attorneys (apparently attorneys who represented him) as defendants.  Whether these are private, retained attorneys, or court-appointed public defenders they are not "persons acting under color of state law" who may be sued for civil rights violations under § 1983. Generally, private parties are not acting under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). Public defenders are not acting under color of law for § 1983 purposes when they are acting in their role as advocates for clients. <u>See</u>, <u>e.g.</u>, <u>Miranda v. Clark County</u>, 279 F.3d 1102, 1107-09 (9th cir. 2002).

Accordingly, plaintiff has failed to state a § 1983 claim against these attorneys named as defendants.

In light of the defects enumerated above, it appears unlikely that Plaintiff can successfully amend his Complaint. However, under the liberal policies governing amendment of pro se pleadings, he will be given an opportunity to do so, if he can allege facts supporting a constitutional claim, which does not necessarily imply the invalidity of his conviction, against a proper defendant who is not protected by immunity.[4]

## IV.  ORDERS:

It is therefore **ORDERED** as follows:

1. The Complaint is dismissed with leave to amend.

2. On or before October 5, 2012, Plaintiff may file a "First Amended Complaint" which corrects the defects discussed above and complies with the following requirements:

(a) The "First Amended Complaint" must bear the present case number "CV 12-7329-RGK(CW)."

---

[4] Plaintiff is advised that if an amended complaint includes a claim concerning conditions of confinement in county jail, a defendant may move to dismiss for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Compliance with this exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n. 5, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). A plaintiff challenging conditions of confinement must exhaust available administrative remedies before filing suit even if it would futile to do so. Booth, 532 U.S. at 740-41. Under Section 1997e(a), an action must be dismissed unless administrative remedies were exhausted before the prisoner filed suit, even if the prisoner later completed exhaustion while the suit was pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Such failure to exhaust is an affirmative defense, which may be raised in an "unenumerated" motion to dismiss under Fed. R. Civ. P. Rule 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1117-1119 and n.9 (9th Cir. 2003).

(b)  It must be complete in itself and may not incorporate by reference any part of any prior complaint.

(c)  Plaintiff may not use "et al." in the caption, but must name each defendant against whom claims are stated in the First Amended Complaint.  (The clerk uses the caption to make sure that defendants are correctly listed on the docket.)

(d)  Plaintiff may not add new parties without the court's permission.

3.   If Plaintiff files an amended complaint, the court will issue further orders as appropriate; if not, the magistrate judge will recommend that this action be dismissed, without prejudice, for failure to prosecute and/or failure to comply with court orders, as well as for the reasons stated above.

4.   The clerk shall serve this Memorandum and Order on Plaintiff.

DATE:   September 6, 2012



CARLA M. WOEHRLE
United States Magistrate Judge